OPINION
ROTH, Circuit Judge:
Omega Peoples appeals from the judgment of conviction and sentence of the District Court after a jury found him guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts, we will describe them only as necessary to explain our decision. For the reasons discussed below, we will affirm.
Peoples argues that the District Court erred in denying his motion for judgment of acquittal because the government did not present sufficient evidence that he constructively possessed the firearm. We disagree.
‘We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence.” United States v. Dent, 149 F.3d 180, 187 (3d Cir.1998). We neither reweigh the evidence presented at trial nor reassess the witnesses’ credibility. United States v. Hedaithy, 392 F.3d 580, 605 (3d Cir.2004). “If ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,’ [we] will sus *277 tain the verdict.” Id. (first alteration in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). “Thus, a claim of insufficiency of the evidence places a very heavy burden on an appellant.” Dent, 149 F.3d at 187 (internal quotation marks omitted).
“[Constructive possession exists if an individual ‘knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons.’ ” United States v. Lopez, 271 F.3d 472, 487 (3d Cir.2001) (quoting United States v. Blackston, 940 F.2d 877, 883 (3d Cir.1991)). Mere proximity to the firearm or mere presence on the property where it is located is insufficient to support a finding of possession. See United States v. Brown, 3 F.3d 673, 681 (3d Cir.1993).
Peoples’s argument fails because we, after viewing the evidence in the light most favorable to the government, hold that a rational juror could have concluded that Peoples was in constructive possession of the firearm. Officer Jaworski testified that he found Peoples lying underneath a minivan in an otherwise-vacant lot with a gunshot wound just minutes after Jawor-ski heard gunshots. The firearm, which was concealed by a metal box, was also underneath that minivan with Peoples. Indeed, it was on the ground within “arm’s reach” of Peoples. Moreover, Peoples could not be eliminated as a contributor to the DNA evidence that was recovered from the firearm’s grip and trigger. In addition to finding the firearm within arm’s reach of Peoples, police officers found a ski mask and batting glove under the minivan. DNA evidence categorically linked Peoples to the ski mask. Although Peoples insisted that all three — the firearm, ski mask, and batting glove — were not his, a reasonable juror, crediting the DNA evidence, could have disbelieved him.
Accordingly, we will affirm the District Court’s judgment of conviction.